MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. C. C. ARNOLD AND A. E. ROBBINS.

TREBLE DAMAGES; *Owner of Land; Ch.* 113, *Gen. Stat.* The owner of the land only can recover the treble damages authorized by § 1 of the "act to prevent certain trespasses."

*Error from Chase District Court.*

ACTION brought by *Arnold* and *Robbins*, as plaintiffs. Their petition set forth three causes of action; first, trespass for taking and carrying away railroad ties, "said ties then and there lying and being on land not belonging to said *M. K. & T. Railroad Company*, and being on land of other persons;" second, a claim or account for work and labor; third, for certain timber sold and delivered. The action was commenced in the district court of Morris county, and taken on change of venue to Chase county, where it was tried at the April Term 1872. The evidence showed that the *Railway Company* had taken railroad ties mentioned in the first count of the petition from lands belonging to the Kansas tribe of Indians, where the plaintiffs had hauled and piled them. Plaintiffs did not attempt to show, or even claim, any ownership, right, title, or interest in the lands. The jury found for the plaintiffs, and assessed their damages as follows: On the first count, for railroad ties taken and converted, $973; on the second count, $40.71; on the third count, $44.05 — total, $1,057.76. The

31—10 KAS.

plaintiffs claimed that the "damages" for the trespass committed in taking the railroad ties should be *trebled*, under §1, ch. 113, Gen. Stat. The journal-entry shows the trial, verdict, motion for judgment, and concludes as follows:

"It is therefore considered, ordered, and adjudged by the court, that plaintiffs have and recover of and from said defendant, on the first count the sum of $2,919, being treble the actual damage so found by the jury, and $40.71 on second count, and $44.05 on third count—total $3,003.76, and the costs of suit."

Defendant excepted. New trial refused, and the *Railway Company* brings the case here on error.

*Willard Davis*, and *W. C. Webb*, for plaintiff in error:

The plaintiff in error was and is willing to pay the amount of damages assessed by the jury; but the plaintiffs below misconceived their first cause of action, and claimed the right to recover treble damages, because the railroad ties were taken by plaintiff in error from lands belonging to the Kansas tribe of Indians, and therefore "lands not their own," that is, lands not *owned* by the M. K. & T. Rly. Co. The plaintiffs below supposed they were prosecuting a statutory action under ch. 113, Gen. Stat. 1868, p. 1095, and that such action could be maintained, and treble damages recovered, merely because the defendant below took the ties from lands which said defendant did not own, whereas such action can be maintained only by the owner of the land, for injuries committed on his land: *Fitzpatrick v. Gebhart*, 7 Kas., 36–46; *Wright v. Bennett*, 4 Ill., 258; *Mason v. Parks*, 4 Ill., 532; *Acher v. Stull*, 7 Mich., 423; 2 Bouv. Law Dict., 268, title, *Owner*.

*Ruggles & Plumb*, for defendants in error:

The jury found the value of the ties taken to be $973; that the ties were taken from land "not the defendant's own;" that the defendant had no interest or right in such ties; that they were the property of the plaintiff; that the ties, at and before the time they were taken and appropriated by the defendant, were lying and being on land of some other person

or persons than the defendant. Upon this finding the court gave judgment for treble the value of the thing carried away.

The only question really in the case is, did the court below err in trebling the damages found by the jury? The plaintiff in error claims that the owner of the real estate is the only person who can maintain an action under the treble-damage act, and cites several Michigan and Illinois decisions. It is a sufficient answer to these decisions to say, that the Michigan and Illinois statutes under which the decisions were rendered are entirely different from the Kansas statute, and hence are no authority in construing our own statute. The findings of the jury in this case present all the conditions necessary to bring the case within the plain language of our statute. The only question is, who is entitled to bring the suit under the statute; because it is perfectly plain that some one is, if, as we claim, the case falls within the statute. Is it the Kansas tribe of Indians, who are the owners of the land? or is it the plaintiffs below, who are the owners of the timber carried away? The statute nowhere says, as do the Michigan and Illinois acts, that "the owner of the land is the party to bring the suit." It only says "the party injured." It seems to us perfectly plain that the owners of the timber taken and appropriated were the *party injured.* Suppose one person is the owner of a quantity of cord-wood, and by the express permission and license of the owner of real estate the owner of the cord-wood piles it on the land of the real-estate owner; and some third person, without having any interest or right whatever, either in the land or wood, and without the consent of the wood-owner or land-owner, takes and appropriates the wood: would there not be a clear case under the statute? We submit that there would be. Now who would be the person entitled to maintain the action, for the statutory cause in the case above supposed? Not the land-owner, surely, for he is not the party injured, and the statute gives the right to the party injured. *Fitzpatrick v. Gebhart,* 7 Kas., 36, cited by plaintiff in error, only decides that where the owner of the land brings his action against his tenant in possession for

damages under the statute that the statute operates in favor of the owner as against his own tenant.

The opinion of the court was delivered by

KINGMAN, C. J.: The plaintiff in error took and carried away the ties of defendants in error from land belonging to neither party. Is the plaintiff in error liable for treble damages under our statute? Gen. Stat., 1095, ch. 113, § 1. This must be decided by a construction of the statute solely, for the statutes in Illinois and Michigan are so different in their phraseology that the decisions in those states, to which we have been referred, throw no light on the point. In Missouri the statute, so far as this question is concerned, is similar to our own, but there appears to be no decisions on this point — though it is observable that all the reported cases are brought in the name of the owner of the land, which is an indication of some value, as showing the view of the law taken by the profession in that state. The recovery for the injuries provided for by the first clause of the section referred to, could only be by the owner of the land, as it is only the real estate that is injured. The same is true of the third clause of the section. And to a certain extent it is true of the second and fourth clauses; for taking timber growing upon land is an injury to the real estate, for which the owner of the real estate injured must bring the action. But timber, rails, or wood, being on the land, is not necessarily a part of the realty. It depends upon its use and the purpose of its being there. It is the "party injured" that is to recover the treble damages. Now if the land of B. is entered upon, and the timber of A., being thereon, is taken by a trespasser, both parties are injured, the first by the unlawful breaking of his close, and the second by the loss of his property. Which shall recover the treble damages? But one can. The statute is uncertain on this point. The whole section must be construed together, and such a construction given as will bear test of every probable application. A case will likely arise where the owner of the land, and the owner of the property, both, will claim

the treble damages. Both cannot have them, because the statute authorizes but one recovery. We think it will best harmonize the whole section to hold that the owner of the land is entitled to recover in this one instance, as he certainly is in all the other cases provided for in the statute. This was probably what the legislature intended in the law. It does not follow, as argued by defendant in error, that when it is held that the action must be in the name of the owner, that such ruling necessarily means the owner in fee simple. That point can be decided when it arises. The other errors suggested would not authorize a reversal, if they actually exist. The judgment must be modified so as to give judgment only for the amount found by the verdict.

BREWER, J., concurring.

VALENTINE, J.: I concur in the decision, but not in all the positions taken.